PHILIPPE FAINGNAERT, as President of New York Household Placement Association, et al., Plaintiffs, *v.* PAUL MOSS, as Commissioner of Licenses of the City of New York, Defendant.

JOSEPH GILLESPIE, as President of Metropolitan Association of Employment Agents, Plaintiff, *v.* PAUL MOSS, as Commissioner of Licenses of the City of New York, Defendant.

Supreme Court, Special Term, New York County, November 21, 1944.

882

W. E. Vogel for Philippe Faingnaert, as President etc., and others, plaintiffs.

Vincent Tese for Joseph Gillespie, as President etc., plaintiff.

Ignatius M. Wilkinson, Corporation Counsel (R. L. Baltimore of counsel), for defendant.

COHALAN, J. The above-entitled actions were tried together. They are brought by domestic employment agencies. In each a declaratory judgment is asked which would construe section 185 of the General Business Law so as to permit the plaintiffs to charge 10% of the first month's wages to the employee and another 10% of the same wages to the employer. The defendant has ruled that only a total fee of 10% may be charged and collected from either the employer, employee or both. The cases are submitted on stipulated facts.

Had these litigations arisen prior to May 20, 1942, the plaintiffs' contentions would have been correct. Section 185 then read, in part: " Section 185. Fees charged by persons conducting employment agencies. 1. The gross fees of licensed persons charged to applicants for employment as * * * cooks, waiters * * * and all domestics and servants * * * shall not in any case exceed ten per centum of the first month's wages." (Underscoring mine.)

In 1942 (ch. 908), the Legislature amended the section so as to read: " Section 185. Fees charged by persons conducting employment agencies. 1. For the purpose of placing a ceiling over the fees charged by persons conducting employment agencies, the classes of employment furnished by them shall be grouped as follows: Class ' A ' employment — meaning and including employment as * * * cooks, waiters * * *. The gross fee charged by any person conducting an employment agency shall not for any single engagement exceed ten per centum of the first month's salary or income for providing employment in Class (A) * * *." (Underscoring mine.)

A comparison of the two statutes makes it apparent that the Legislature deliberately omitted, in the second enactment, any reference to fees charged to applicants, and stated specifically that the purpose of the second enactment was to place a

ceiling on all fees charged *by* persons conducting these establishments, and to limit these fees in any single engagement to 10%. The City's contention is correct, and judgment ·in favor of the City must obtain. Force is lent to this conclusion by the fact that if plaintiffs were upheld, there would be no limit to the amount that these agencies could charge to employers. When it is recalled that an employment agency exists merely for the purpose of bringing employer and employees together, and that they cannot serve two masters in negotiating the contract that will result, the wisdom of the legislation is apparent.

Judgment for defendant. Exceptions to plaintiffs. Submit findings and conclusions.